UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RYAN-MYKAL S. BACON,

                              Plaintiff,

       v.

JOSHUA EVANS,

                              Defendant.

No. 20-CV-6337 (KMK)

<u>OPINION & ORDER</u>

---

Ryan-Mykal S. Bacon
Fallsburg, NY
*Pro Se Plaintiff*

Ian Ramage, Esq.
Office of the New York State Attorney General
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Ryan-Mykal S. Bacon ("Plaintiff"), either currently or formerly an inmate

at Sullivan Correctional Facility ("Sullivan"), filed the instant Action pursuant to 42 U.S.C.

§ 1983.[1]  (*See generally* Compl. (Dkt. No. 2).)  Plaintiff alleges that Correction Officer Joshua

Evans ("Defendant") violated his rights under the Eighth and Fourteenth Amendments of the

United States Constitution based on certain derogatory statements Defendant allegedly made

concerning Plaintiff's sexual orientation.  (*See generally id.*)  Before the Court is Defendant's

---

[1] While Plaintiff has not informed the Court of his release—or communicated with the
Court at all since November 17, 2020, (*see generally* Dkt.)—Defendant indicates that Plaintiff is
no longer incarcerated at Sullivan, (*see* Def.'s Mem. of Law in Supp. of Mot. To Dismiss 1 (Dkt.
No. 22) (referring to "Plaintiff former inmate Ryan-[Mykal] Bacon"); *see also* Aff. of Service
(Dkt. No. 20) (notifying Court of service at address "designated upon [P]laintiff's release"); Aff.
of Service (Dkt. No. 25) (same); Aff. of Service (Dkt. No. 28) (same)).

Motion To Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6) and 42 U.S.C. §§ 1997e(a) and 1997e(e) (the "Motion").  (*See* Not. of Mot. (Dkt.

No. 21).)  For the reasons described herein, Defendant's Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are taken from Plaintiff's Complaint, (*see* Compl. (Dkt. No. 2)), and

self-titled "Declaration in Opposition to Defendant's Summary Judgement [sic]," (*see* Dkt.

No. 11), which this Court construed as annexed to Plaintiff's Complaint (hereinafter,

"Supplemental Complaint"), (*see* Dkt. No. 12).  These facts are assumed true for the purposes of

deciding the Motion.

On May 5, May 16, June 15, June 20, July 31, August 10, August 11, and September 19,

2020, while Plaintiff was incarcerated at Sullivan, Defendant made a series of derogatory

comments about Plaintiff, within earshot of other inmates.  (*See* Compl. 4–5; Suppl. Compl. 1–

2.)  These comments included "101 cell is gay," "101 cell Bacon is bi-sexual," and "Baco the

rapo." (Compl. 5; Suppl. Compl. 1–2.)  Other inmates then joined in the verbal harassment of

Plaintiff, graphically insulting Plaintiff and threatening his life with such comments as "I'm

going to gut you like my fish," "I'm going to kill you faggot," and "you better sign into

protective custody because when you leave your cell we're going to kill your faggot ass bitch."

(Compl. 5; Suppl. Compl. 2.)  These incidents caused Plaintiff to fear for his physical safety, so

Plaintiff signed himself into protective custody.  (*Id.*)

### B.  Procedural History

Plaintiff's Complaint was docketed on August 10, 2020, (*see* Compl.), and Plaintiff's

request to proceed in forma pauperis was granted on May 8, 2020, (*see* Dkt. No. 5).  On

November 17, 2020, Plaintiff's Notice of Motion for Miscellaneous Relief was docketed, in which Plaintiff requested that the Court "grant [Plaintiff] $150,000 [in] compensatory damages and also that . . . [D]efendant be [permanently] suspended from duty for [Plaintiff's] suffering [of] psych damages."  (Not. of Mot. for Miscellaneous Relief (Dkt. No. 10).)  On the same day, Plaintiff's self-titled "Declaration in Opposition to [D]efendant's Motion for Summary Judgement [sic]" was docketed, which appeared to be in support of Plaintiff's Motion for Miscellaneous Relief.  (*See* Suppl. Compl.)  On November 18, 2020, the Court construed the Declaration as annexed to Plaintiff's Complaint.  (*See* Dkt. No. 12.)

On March 15, 2021, Defendant filed a letter requesting a pre-motion conference regarding Defendant's then-anticipated Motion To Dismiss.  (*See* Dkt. No. 18.)  On March 16, 2021, the Court set a briefing schedule.  (*See* Dkt. No. 19.)  Defendant filed his Motion To Dismiss on April 15, 2021.  (*See* Not. of Mot.; Mem. of Law. in Supp. of Mot. To Dismiss ("Def.'s Mem.") (Dkt. No. 22).)  On June 17, 2021, Defendant wrote a letter to the Court requesting that the Court deem the Motion fully submitted because Plaintiff had not filed an opposition, which was due May 15, 2021.  (*See* Dkt. No. 26.)  On June 18, 2021, the Court granted Defendant's request and deemed the Motion fully submitted.  (*See* Dkt. No. 27.)

## II.  Discussion

### A.  Standard of Review

"The standards of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim are 'substantively identical.'" *Gonzalez v. Option One Mortg. Corp.*, No. 12-CV-1470, 2014 WL 2475893, at *2 (D. Conn. June 3, 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), *cert. denied*, 540 U.S. 1012 (2003)).

### 1. Rule 12(b)(1)

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (quotation marks omitted). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (quotation marks omitted)).

The Second Circuit has explained that a challenge to subject-matter jurisdiction pursuant to Rule 12(b)(1) may be facial or fact-based. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When a defendant raises a facial challenge to standing based solely on the complaint and the documents attached to it, "the plaintiff has no evidentiary burden," *id.* (citing (*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)), and a court must determine whether the plaintiff asserting standing "alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue," *id.* (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir.2009)). In making such a determination, a court must accept as true all allegations in the complaint and draw all inferences in the plaintiff's favor. *Id.* at 57. However, where a Rule 12(b)(1) motion is fact-based and a defendant proffers evidence outside the pleadings, a plaintiff must either come forward with controverting evidence or rest on the pleadings if the evidence offered by the defendant is immaterial. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017). If the extrinsic evidence presented by the defendant is

4

material and controverted, the Court must make findings of fact in aid of its decision as to

standing. *See Carter*, 822 F.3d at 57.

### 2. Rule 12(b)(6)

The Supreme Court has held that although a complaint "does not need detailed factual

allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions

devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Rather, a

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be

supported by showing any set of facts consistent with the allegations in the complaint," *id.* at

563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its

face," *id.* at 570, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to

plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining

whether a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense. But where

the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.'" (second alteration in original) (citation omitted) (quoting FED. R. CIV. P. 8(a)(2))); *id.* at

678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading

regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), and "draw all reasonable inferences in the plaintiff's favor," *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 95 (2d Cir. 2021) (per curiam) (citation omitted). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same). Where, as here, a plaintiff proceeds pro se, the court must "construe[] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice

6

may be taken." *Leonard F.*, 199 F.3d at 107 (citation and quotation marks omitted).  When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint."  *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted).

### B.  Analysis

Defendant moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that (1) Defendant's alleged verbal harassment does not implicate the Constitution and is thus not actionable under § 1983; (2) all claims against Defendant in his official capacity are barred by the Eleventh Amendment; and (3) Defendant is entitled to qualified immunity.  (*See generally* Def.'s Mem.)  Defendant also argues that Plaintiff's claims are barred by § 1997e(e) of the Prison Litigation Reform Act ("PLRA") because Plaintiff seeks damages solely for emotional injuries, and by § 1997e(a) of the PLRA because Plaintiff failed to exhaust administrative remedies prior to filing suit.  (*See id.*)  The Court addresses each argument separately to the extent necessary.

#### 1.  Failure to State a Claim

Plaintiff alleges that on eight separate occasions between June and September 2020, Defendant made a series of derogatory comments in reference to Plaintiff's sexual orientation— such as referring to Plaintiff as "Baco the rapo," (Suppl. Compl. 1)—within earshot of other inmates in Plaintiff's housing unit, (*see id.* at 1–2; Compl. 5).  This allegedly led to other inmates making threats on Plaintiff's life, and as a result, Plaintiff signed himself into protective custody. (*Id.*)  The Court construes these allegations as claims of verbal harassment and failure to protect in violation of the Eighth Amendment.

(a)  Verbal Harassment Claim

Courts in the Second Circuit are clear that "allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged."  *Lewis v. Huebner*, No. 17-CV-8101, 2020 WL 1244254, at *6 (S.D.N.Y. Mar. 13, 2020); *see also Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order) ("[V]erbal harassment, standing alone, does not amount to a constitutional violation."); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (upholding dismissal of "claim[] that prison guards called [the plaintiff] names," because this claim "did not allege any appreciable injury").  "In general, the alleged injury must be physical in nature, although under certain circumstances, a prison official's infliction of psychological pain on an inmate may constitute an Eighth Amendment violation."  *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 590 (S.D.N.Y. 2015) (quotation marks omitted).  To state a claim under the Eighth Amendment for the infliction of psychological pain, "the psychological pain must be (1) intentionally inflicted and (2) more than de minimis in nature."  *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 491 (N.D.N.Y. 2009) (italics omitted); *see also Shabazz v. Pico*, 994 F. Supp. 460, 475 (S.D.N.Y. 1998) ("Under certain circumstances, the intentional infliction of psychological pain may constitute an Eighth Amendment violation, so long as the pain is not de minimis." (italics omitted)).

Liberally construed, Plaintiff alleges that Defendant's conduct was intentional and caused him psychological injury.  However, Plaintiff has not adequately alleged that his humiliation or mental anguish resulting from Defendant's conduct rose to the level of psychological pain that was more than de minimis in nature.  Courts in the Second Circuit have made clear that successfully alleging more than de minimis psychological harm is a very high bar, which the Court finds that Plaintiff has not cleared in vaguely alleging, "I sustained serious psychic

injuries." (*See* Compl. 5.) *See, e.g.*, *Shabazz*, 994 F. Supp. at 475 (finding the plaintiff's allegations of psychological harm to be de minimis where "[the] [p]laintiff[] claim[ed] that [the defendants] uttered racial slurs during constitutionally permitted strip searches"); *see also Timm v. Faucher*, No. 16-CV-531, 2017 WL 1230846, at *5, *6 (D. Conn. Mar. 31, 2017) (holding that an allegation that the defendant "verbally berated and threatened [the plaintiff] in the presence of others," causing the plaintiff "severe emotional distress, fear and anguish . . . cannot survive a motion to dismiss" (emphasis omitted)); *Azor v. City of New York*, No. 08-CV-4473, 2012 WL 1117256, at *4 (E.D.N.Y. Mar. 30, 2012) ("Although abhorrent, [the] defendants' uses of racial and religious profanities, if they occurred, do not rise to the level of a constitutional violation because [the plaintiff] does not allege that they caused more than a de minimis injury.").

Accordingly, the Court finds that while Defendant's comments were certainly inappropriate, unprofessional, and even reprehensible, in failing to allege more than a de minimis psychological injury, Plaintiff has failed to state a cognizable violation of his Eighth Amendment rights. *See, e.g.*, *Medina v. Kaplan*, No. 16-CV-7223, 2018 WL 797330, at *7 (S.D.N.Y. Feb. 8, 2018) ("[C]ourts have held that verbal harassment of inmates by prison officials, unaccompanied by injury—no matter how inappropriate, unprofessional, or reprehensible it might seem—does not rise to the level of violation of the Eighth Amendment." (citation omitted)); *see also Lopez*, 136 F. Supp. 3d at 590 ("[W]hile any verbal harassment based on an individual's sexuality or gender is unacceptable, [the] [p]laintiff's allegations [that the defendant could not attend Protestant services because of her sexuality], without more, do not rise to the level of a constitutional violation under the Eighth Amendment." (collecting cases)); *Cuoco v. U.S. Bureau of Prisons*, No. 98-CV-9009, 2001 WL 167694, at *3 (S.D.N.Y. Feb. 16, 2001) (dismissing claim that the defendants "made derisive and derogatory comments to [the plaintiff] about her

9

sexual orientation," because "[w]hile verbal harassment and profanity is abhorrent, such conduct alone does not violate an inmate's rights under the Constitution" (quotation marks omitted)).

### (b)  Failure to Protect Claim

Construing the Complaint liberally, it can also be read to allege a failure to protect claim in violation of the Eighth Amendment based on the threats made to Plaintiff's life by other inmates as a result of Defendant's conduct.  It is well-established that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (alteration and citation omitted).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  Rather, "[t]o state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'"  *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834); *accord Randle v. Alexander*, 960 F. Supp. 2d 457, 473 (S.D.N.Y. 2013) (same).  To satisfy the first prong, often referred to as the "objective" prong, Plaintiff must "establish the deprivation of a basic human need such as reasonable safety," due to Defendant's "creation of a substantial risk of harm."  *Bouknight v. Shaw*, No. 08-CV-5187, 2009 WL 969932, at *4 (S.D.N.Y. Apr. 6, 2009) (citation and quotation marks omitted).  To satisfy the second prong, often referred to as the "subjective" prong, Plaintiff must allege that Defendant "acted maliciously and sadistically to cause harm or, at least, was deliberately indifferent to an excessive risk to inmate health or safety."  *Id.* at *5 (quotation marks omitted).

Plaintiff's allegations fail to satisfy either prong, and thus, Plaintiff fails to state a claim for failure to protect under the Eighth Amendment.  "In the context of a failure to protect claim where a plaintiff alleges that another inmate threatened him, 'verbal statements alone do not indicate a substantial threat of serious harm.'"  *Ewers v. City of New York*, No. 17-CV-1116, 2021 WL 2188128, at \*6 (S.D.N.Y. May 28, 2021) (quoting *Desulma v. City of New York*, No. 98-CV-2078, 2001 WL 798002, at \*7 (S.D.N.Y. July 6, 2001)).  While Plaintiff alleges that after Defendant made the aforementioned comments, unidentified inmates verbally threatened him, Plaintiff does not allege that he actually suffered physical harm or that physical harm was reasonably imminent, which is fatal to his claim.  *See Green v. City of N.Y. Dep't of Corr.*, No. 06-CV-4978, 2008 WL 2485402, at \*5, \*6 (S.D.N.Y. June 19, 2008) (finding that "the mere existence" of "regular death threats from staff and other inmates," "without any allegation that physical harm actually existed or was imminent during the entire six or seven month period in which he was allegedly subject to such threats . . . do[es] not render plausible [the] [p]laintiff's claim that he was subject to a substantial risk of serious harm" (emphasis omitted)); *see also Bouknight*, 2009 WL 969932, at \*4 ("Here, [the] plaintiff has alleged only that, one night, he endured about three and a half hours of inmates calling him a snitch and a homosexual, and that during the remainder of the week, inmates continued to 'torture [the] plaintiff with such abusive words, stating and calling him a snitch.'  [The] [p]laintiff has not alleged facts that, if proven, would establish that he ever faced actual or imminent harm." (alterations and citation omitted)); *cf. Hill v. Annucci*, No. 18-CV-1203, 2019 WL 8192266, at \*6 (N.D.N.Y. Nov. 25, 2019) ("[The] [d]efendants primarily argue that verbal statements alone do not indicate a substantial risk of serious harm.  However, [the] [p]laintiff alleges more than verbal threats.  [The] [p]laintiff alleges he was seriously assaulted on five occasions and targeted by known gang members for

11

being an informant. . . . [T]he [c]ourt finds [the] [p]laintiff has adequately pled the objective

prong" (quotation marks and citations omitted)).  Indeed, Plaintiff appears to allege that he was

voluntarily taken into protective custody, presumably to prevent any such physical harm.  (*See*

Compl. 5; Suppl. Compl. 2.)  Accordingly, Plaintiff fails to allege that he was subject to "an

unreasonable risk of serious harm to [his] current or future health."  *Vega*, 963 F.3d at 273.

Because the Court finds that Plaintiff has failed to satisfy the objective prong of the

Eighth Amendment analysis, it is unnecessary for the Court to consider the subjective prong, *see*

*Green*, 2008 WL 2485402, at *6 ("Absent the requisite substantial risk of serious harm, [the]

[p]laintiff cannot prove a deliberate indifference claim."), but it is clear that Plaintiff has

similarly failed to allege that Defendant "acted with deliberate indifference," *Vega*, 963 F.3d at

273 (quotation marks omitted).  A prerequisite to alleging deliberate indifference by a correction

officer as part of an Eighth Amendment claim based on a failure to protect is an allegation that

the officer was aware that the inmate faced a significant risk of serious injury.  *See Johnson v.*

*Schiff*, No. 17-CV-8000, 2019 WL 4688542, at *16 (S.D.N.Y. Sept. 26, 2019) ("[P]rison

officials have a constitutional duty to act reasonably to ensure a safe environment for a prisoner

when *they are aware* that there is a significant risk of serious injury to that prisoner." (emphasis

added)); *see also, e.g.*, *Tubbs v. Venettozzi*, No. 19-CV-126, 2019 WL 2610942, at *5 (N.D.N.Y.

June 26, 2019) ("Courts have found that a prisoner validly states an Eighth Amendment claim

based on a failure to protect when he alleges that he informed corrections officers about a

specific fear of assault and is then assaulted." (quoting *Davis v. Torres*, No. 10-CV-2236, 2012

WL 3070092, at *5 (S.D.N.Y. May 2, 2012), *report and recommendation adopted sub nom.*,

*Davis v. N.Y. State Dep't of Corr.*, 2012 WL 3070083 (S.D.N.Y. July 27, 2012))).  Liberally

construed, the Complaint can be read as alleging that the threats made by other inmates followed

Defendant's comments, but Plaintiff fails to allege that Defendant was present when inmates made these threats or that Defendant was otherwise made aware of these threats.  (*See generally* Compl.; Suppl. Compl.)  Thus, even assuming arguendo that Plaintiff was subject to an unreasonable risk of serious harm based on the threats from other inmates, Plaintiff has not plausibly alleged that Defendant acted with deliberate indifference in failing to protect him from such a risk of harm.  *See Bouknight*, 2009 WL 969932, at *5 (holding that "[the] plaintiff's mere allegation that [the defendant] spread rumors about him was insufficient to show that [the defendant] had the requisite culpable state of mind" because the plaintiff had not "alleged that [the defendant] knew and disregarded the fact that her comments had created an environment that subjected [the] plaintiff to a significant risk of injury").

Accordingly, the Complaint fails to state a claim under the Eighth Amendment based on either verbal harassment or failure to protect, and thus, the Complaint is dismissed.

### 2.  Constitutional and Statutory Limits on Relief

Even if the Complaint did adequately state an Eighth Amendment claim, Plaintiff's claims for relief would still be subject to dismissal.  Defendant argues that (1) Plaintiff's claims against Defendant in his official capacity must be dismissed because Plaintiff seeks only damages, and thus, these claims are barred by the Eleventh Amendment, and (2) all of Plaintiff's claims must be dismissed because Plaintiff seeks only damages for emotional injury, which are barred by § 1997e(e) of the PLRA.  (*See* Def.'s Mem. 5, 7.)  However, the Court construes the Complaint as seeking an award of damages against Defendant in his official and individual capacities *and* injunctive relief against Defendant in his official capacity, because Plaintiff requests both "$3 million dollars [sic] [in] compensatory damages and psych damages" for his "serious psychic injuries" and "for [Defendant] to be fired or removed from [the New York

13

Department of Corrections and Community Supervision ('DOCCS')]." (Compl. 5; *see also* Not. of Mot. for Miscellaneous Relief ("Plaintiff requests that the Court: grant [him] $150,000 [in] compensatory damages and also that . . . [Defendant] be [permanently] suspended from duty for [Plaintiff's] suffering [of] psych damages.").) Nonetheless, the Court finds that (1) Plaintiff's claims brought against Defendant in his official capacity both for damages and for injunctive relief are barred by the Eleventh Amendment, and (2) Plaintiff's claims for damages are further barred by § 1997e(e) of the PLRA, providing additional separate and independent bases to dismiss the Complaint in its entirety.

### (a)  Eleventh Amendment Immunity

Insofar as Plaintiff pursues claims against Defendant in his official capacity as an employee of DOCCS—as Plaintiff appears to, (*see* Compl. 2)—such claims are precluded by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. And, longstanding Supreme Court and Second Circuit precedent instructs that the Eleventh Amendment applies equally to suits brought against a state and state employees in their official capacities. *See, e.g.*, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("Although by its terms the [Eleventh] Amendment applies only to suits against a State by citizens of another State, our cases have extended the Amendment's applicability to suits by citizens against their own States." (collecting cases)); *see also KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (summary order) (noting that suit against a defendant in her official capacity as an officer of the State of New York "effectively render[s] this a suit against the State of New York" (citing *Kentucky v. Graham*, 473

U.S. 159, 165–66 (1985))).  Thus, "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration and quotation marks omitted).  But "[c]ourts have routinely held that New York has not waived, and Congress has not abrogated, sovereign immunity with respect to claims for constitutional violations under §§ 1981, 1983, or 1985." *Lewis*, 2020 WL 1244254, at *4 (citation and alteration omitted); *accord Carnell v. Myers*, No. 17-CV-7693, 2019 WL 1171489, at *4 (S.D.N.Y. Mar. 13, 2019) (same); *see also Dubarry v. Capra*, No. 21-CV-5487, 2021 WL 3604756, at *1 (S.D.N.Y. Aug. 13, 2021) ("Because [DOCCS] is an arm of the state of New York, Plaintiffs' [§] 1983 claims against DOCCS are barred by the Eleventh Amendment and are dismissed."); *accord Johnson v. New York*, No. 10-CV-9532, 2012 WL 335683, at *1 (S.D.N.Y. Feb. 1, 2012) (same).

The one exception to this doctrine was established by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), which, as the Supreme Court later explained, "held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Young*, 209 U.S. at 155–56, 159).  The Supreme Court has "refused to extend the reasoning of *Young*, however, to claims for retrospective relief." *Green*, 474 U.S. at 68; *see also In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371–72 (2d Cir. 2005) ("The purpose of the [continuing violation] exception is to 'ensure that the doctrine of sovereign immunity remains meaningful, while also giving recognition to the need to prevent violations of federal law.'" (quoting *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 269 (1997))).  And, courts have

held that "[t]ermination of employment for an alleged failure to perform in the past is not the sort of prospective injunctive relief permitted pursuant to *Ex parte Young*." *Wess v. Epps*, No. 13-CV-481, 2014 WL 4472778, at *2 (S.D. Miss. Sept. 10, 2014); *see also Phillips v. Nebraska*, No. 17-CV-299, 2017 WL 5195209, at *3 (D. Neb. Nov. 9, 2017) ("To the extent termination of one's employment is a proper remedy under § 1983, [the] [p]laintiff does not allege that [the] [d]efendants' constitutional violations are ongoing; rather, [the] [p]laintiff seeks to terminate [the] [d]efendants' employment as a punishment for past misdeeds. Thus, [the] [p]laintiff's requested relief of terminating [the] [d]efendants' employment is barred by the Eleventh Amendment.").

As an employee of DOCCS, Defendant is a state official and thus, Plaintiff's claims for damages against him in his official capacity are barred by the Eleventh Amendment. *See Gunn v. Bentivegna*, No. 20-CV-2440, 2020 WL 2571015, at *3 (S.D.N.Y. May 19, 2020) ("DOCCS officials enjoy Eleventh Amendment immunity from suit under § 1983 for damages in their official capacities."); *see also Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit[s] [under § 1983] for money damages against state officials in their official capacities."). Moreover, Plaintiff does not allege any ongoing issue with Defendant and thus, his claims for injunctive relief are similarly barred by the Eleventh Amendment; indeed, Defendant indicates that Plaintiff is no longer even incarcerated at Sullivan, which would render Plaintiff's claim for injunctive relief moot. (*See supra* Note 1.) *See Pugh v. Goord*, 571 F. Supp. 2d 477, 490 (S.D.N.Y. 2008) ("The [c]ourt finds that, given that [the] plaintiff . . . was released from prison . . . , [his] claims for injunctive and/or declaratory relief against [DOCCS] are moot."); *see also Kearney v. Bayside State Prison Admin.*, No. 17-CV-6269, 2018 WL 3122325, at *2, *3 (D.N.J. June 26, 2018) (ruling that "[the]

16

[p]laintiff is not entitled to injunctive relief"—in the form of the termination of the defendant correction officers—"as he is no longer incarcerated at [the facility employing the defendants] and injunctive relief cannot be issued to address past wrongs").[2]

### (b)  Section 1997e(e) of the PLRA

The Court further finds that Plaintiff's claims for damages are barred under § 1997e(e) of the PLRA.  Section 1997e(e) of the PLRA states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e).  Although, "[b]y its terms, [§ 1997e(e)] does not limit the prisoner's right to request injunctive or declaratory relief," *Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002), the Second Circuit has held that "[§] 1997e(e) applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury," *id.* at 417; *see also Dillon v. City of New York*, No. 12-CV-7113, 2013 WL 6978959, at *2 (S.D.N.Y. Nov. 18, 2013) ("[A] district court may properly dismiss a prisoner's claim pursuant to the PLRA when the complaint alleges 'damages solely for an emotional injury without any claim of physical injury.'" (quoting *Thompson*, 284 F.3d a 419)).

Here, Plaintiff does not allege that he suffered any physical harm from Defendant's conduct, rather, Plaintiff suffered only "serious psychic injuries."  (Compl. 5.)  As such, § 1997e(e) too provides a separate and independent basis to dismiss Plaintiff's claims for damages.  *See Clay v. Lee*, No. 13-CV-7663, 2017 WL 436041, at *8 (S.D.N.Y. Jan. 30, 2017)

---

[2] The Court does not here decide whether injunctive relief in the form of the termination of Defendant's employment is proper or available under § 1983.

(dismissing complaint pursuant to § 1997e(e) where the plaintiff's claimed injuries were "terror from the giant cockroaches," "pain and mental anguish," and "thirst" (citation and alteration omitted)).

### 3.  Other Issues

Given the Court's conclusion that Plaintiff has failed to state a claim for verbal harassment or failure to protect under the Eighth Amendment, and, in any event, that his claims for damages and injunctive relief are barred by the Eleventh Amendment and § 1997e(e) of the PLRA, the Court declines to address Defendant's arguments that Defendant is entitled to qualified immunity and that Plaintiff's claims must be dismissed for failure to exhaust administrative remedies pursuant to § 1997e(a) of the PLRA.  (*See* Def.'s Mem. 5–6, 8–12.) However, the Court notes that given the timing of Plaintiff's initiation of this Action—Plaintiff signed the Complaint only two days after the single incident alleged therein, (*see* Compl.), and signed the Supplemental Complaint only twelve days after the last of the seven incidents alleged therein, (*see* Suppl. Compl.)—it appears unlikely that Plaintiff fully exhausted his administrative remedies with respect to each incident prior to filing suit as required under § 1997e(a) of the PLRA, *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [§] 1983 . . . or any other Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019) ("Inmates are not required to specifically plead or demonstrate exhaustion in their complaints, but dismissal may be appropriate at the motion to dismiss stage where failure to exhaust is clear on the face of the complaint." (quotation marks and citations omitted)).

### III.  Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is granted.  However, because this is the first adjudication of Plaintiff's claims on the merits, the dismissal is without prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff should include within that amended complaint any changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider.  The amended complaint will replace, not supplement, the original complaint.  The amended complaint must therefore contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider.  The Court will not consider factual allegations contained in supplemental letters, declarations, or memoranda.  If Plaintiff fails to abide by the 30-day deadline, this Action may be dismissed with prejudice.

The Clerk of the Court is respectfully directed to terminate the pending motion, (Dkt. No. 21), and to mail a copy of this Opinion to Plaintiff at the address listed in Defendant's Affidavit of Service filed at Dkt. No. 28.

SO ORDERED.

Dated:    December 1, 2021
            White Plains, New York

_____
          KENNETH M. KARAS
        United States District Judge

19